The next case is Leon Davis v. Secretary of Veterans Affairs, 2024-14-12. Mr. DeHakis. Thank you, Your Honor. I please the Court. Kenny DeHakis for Mr. Davis. On behalf of Mr. Davis, I do want to thank this Court for the opportunity to present his appeal. Resolution of the issues in this appeal are important to give claimants certainty on what to expect, when to expect decisions on their claims and appeals, and claimants need clarity on the proper procedure for challenging these benefits determinations. That sounds like you want advice from the opinion. Your counsel has already gotten his rating for frostbite. Well, Your Honor, the frostbite issue that the Secretary raised in their briefing is a part of the overall appeal that was presented to the Board. As we explained in our briefing, all parties agree it is undisputed that the 2020 Notice of Disagreement specifically asked the Board to address SMC ratings from 2008. If we look at the record, specifically on page 61... We don't have jurisdiction to consider what the Notice of Disagreement actually included. That's not a legal issue. It is not, Your Honor. Well, it may be a legal issue. As we explained in our briefing, Percivali last year raised the issue of whether a document being a Notice of Disagreement is a question of law. But here, the facts are undisputed. Page 61 of the appendix, the NOD specifically asked for a determination of SMC ratings from 2008. But not on this particular disability of the frostbite disability. It just generally asked, Your Honor, for SMC ratings based on the 2008 claim that all agree was before the Board. Looking on page 71 of the brief, the Board very explicitly articulated the issue and said that it would take jurisdiction of both the rating and effective date. Then we look at the JMR, which was the court's order where the parties agreed that the Board was to address the SMC rating in conjunction with the 2008 claim, which was not the frostbite, which was the lumbar spine and other issues. And then the Secretary, in his own brief on page 11, that third bullet point at the top, agrees that Mr. Davis asked the Board to consider SMC from 2008. For a different disability. That's really the dispute here. As something we don't have jurisdiction over, that's what the Board determined. Well, the Board, Your Honor, had jurisdiction of the proper rating from the 2008 claim, as well as a later claim for the frostbite. And this is the central issue in this appeal, is what is the nature of an SMC entitlement? It is found in section 1114 from subsections L, K is a different one, but K through T, which is a continuation from the scheduler ratings, the Veterans Court and the Secretary seem to read those as two different entities, whereas the statute itself treats all of them as a rating. We cited a case law with staged ratings from the Veterans Court. This court has not yet had an opportunity to address this specific issue, but they recognize that when we're looking at, when the VA is looking at a particular rating, it can and does look at the life of the claim and determine, based on very specific points in time, how severe that disability is, and what rating is appropriate for it under 1114. There's no basis in law to distinguish an SMC rating from any other rating, because they're all just telling the VA how much money to pay, how much compensation to give the Veteran, based on the severity of a service-connected disability. In Grantham, which the Veterans Court relied on in large part, the issue was, the ruling here in this court was that the effective date and rating are downstream to the service connection determination. That makes perfect sense, because when the claim was filed, has no bearing on a determination of whether a disability results from an injury or disease from service. But once we're looking at the rating, and this case is a perfect example, Mr. Davis waited nearly 15 years for this decision to come. It's now been well over 15 years, and the severity of his condition has fluctuated, even by the board's own findings. From a logic standpoint, and from a workability standpoint, it doesn't make any sense for the board to just make an announcement that, over the last 15 years, yes, you met the criteria for aid and attendance, or some other SMC rating, but we're not going to tell you when, and now we're going to ask the AOJ to try to figure that out, and then come back to us if you're not happy, and let's look at all of this time again, and make the same fact findings that should... I don't understand any of this. Why not? If the RO has made a decision that there's no entitlement to SMC, they wouldn't have gone on and said the rating would have been effective as of this date. And so if you appeal to the board the straight question of entitlement to SMC, there's no decision. There may not be anything in the record, but there's certainly no first decision by the RO on the date of entitlement. So why doesn't, when that goes up to the board, the board can say, no, RO, you've got it wrong. This veteran is entitled to SMC. They've met this determination, and send it back to the RO to examine the facts in the file to show the date that entitlement rose. And they certainly, that is a method for the board to do that, Your Honor. But under 7104A, the board's jurisdiction extends to all questions within the rating matter. And at least two of those questions are the severity, and when in time the disability was of that severity. Now, the board can remand... I have a feeling that if we go with you, we're going to cure in a different case, because you can use it to your advantage another way, that if the board did this in the first instance, that would violate the rule that there has to be two decisions by the agency on questions of fact, and that it should have gone back to the RO in the first instance. So that particular question, Your Honor, has already been answered by the Veterans Court and the General Counsel's own opinion. In Bernard, which we cited too in our opening brief, the Veterans Court interpreted 7104A and said that the jurisdiction of the board extends to all questions in a matter. Under the General Counsel's opinion interpreting that, which the Veterans Court endorsed in Bernard, the board has jurisdiction but has to make a determination on whether they can address those questions in the first instance without prejudicing the veteran. The veteran can waive that, which Mr. Davis did here. He specifically asked for a determination from that date, from the 2008 date. But the veteran can waive that, and the board can, if it grants the full benefit, find that any error is harmless. That's consistent with Bernard and the General Counsel's...  I'm sorry, Your Honor? Do they have to? The question is... If the board looks at this record and says, RO, you've got this wrong, there's certainly enough evidence in here that at some point in time this person was entitled to higher SNC ratings. And it's a huge, complicated, cascading chain of ratings, and I understand that you're arguing for a bunch of them all the way up. And the board looks at it and says, we can't tell from this record when they became entitled to some of the earlier ones, which is what you need for the later ones, and they say, RO, you go look at this. They can do that, right? They can, Your Honor. Isn't that what they did here? But the mechanism for doing so is not to ignore the appeal, but to remand either under the duty to assist in order to develop evidence necessary to substantiate the claim, or to give some indication to the veteran that that part of the claim, that that appeal is being adjudicated. Is your argument here that the board just says you're entitled to it and it didn't tell the RO that it needs to figure out the effective date? The argument here, Your Honor. Because how else would the RO know that it has to determine the effective date? I assume that the board's decision somehow got transmitted to the RO because they did issue a decision on effective date. They did, Your Honor. The issue here is that the Veterans Court said the board did not have jurisdiction to consider SNC ratings back to 2008, or to in some way articulate and address the specific issue raised in the Notice of Disagreement. That's the sole issue. A lot of the other discussion we just went into about how this is done and what mechanisms are not really part of the overall picture, but the specific issue here is that the Veterans Court made a ruling on jurisdiction that the board did not have to address that and that that's something that comes later. Wait a minute. You just shoved two different concepts into that sentence. The board didn't have jurisdiction or the board didn't have to address it. Those are two different things. What did the Veterans Court say? The Veterans Court said... I thought the board just didn't address it. They did not, Your Honor. Did they say they didn't have jurisdiction to address it or they didn't address it? They didn't address it, Your Honor. And on appeal, the Veterans Court said we don't have jurisdiction because the board didn't address this. On appeal? This is very, very complicated, this SNC stuff, and it's not as familiar to me as the regular service-connected benefit stuff. But it seems to me that you're probably right if you ask the board to decide this and you waive the right to two decisions on a factual issue that the board may be able to decide that if they want to, but I don't think they have to decide it. I respectfully disagree, Your Honor. Under 7104A, the board's jurisdiction is driven by... Again, you're getting jurisdiction versus whether they have to reach an issue. You're conflating them. And what I just said was I think the board can do it, which means they have the authority to do it, but I don't see why they have to if the facts are not sufficient for them to decide the effective dates of this. They have to, Your Honor, because 7105 and 7104 tell them they have to. Congress said that when an appeal is presented, the board issues the final decision on that claim. Here, the board hasn't done that yet. The claim is on entitlement to SNC. The board says the R.O. got it wrong. You are entitled to SNC, but we don't know from when, so we're sending it back. But the specific issue raised to the board, and again, under 7104D1... I understand your argument. Okay, Your Honor. So the Veterans Court rejected this appeal because it didn't have jurisdiction because there was no adverse decision against the client. And this is really a case about several layers of jurisdiction that come under different statutory frameworks. Our jurisdiction is even more limited, but the Veterans Court said you weren't adversely affected, so we don't have jurisdiction. And that's where Bean steps in, Your Honor. Or maybe Urban. In Bean, Your Honor. I know, but Bean may apply, or maybe Urban is a better discussion of that issue. So I think, and as we talked about in both of our briefs, Urban is very distinguishable because in Urban, the veteran never asked for the board to address the effective date of the rating. And there was a single rating. There was a TDIU issue that was presented. There was a single claim. Here, Mr. Davis presented several claims that all started at different times and asked for different ratings over that period of time. Also, the JMR very explicitly ordered the board to say, to address SMC ratings from 2008. Those facts were not present in Urban. And I'm into my rebuttal time, so I'll reserve the rest of it unless there are any other questions. Thank you, counsel. Mr. Wisser. Good morning, Your Honors. May it please the Court. Mr. Davis's claims history is admittedly complex, but the legal issue presented on this appeal is very simple, and it is simply, was the board required to make a ruling on the effective date when it gave a new grant of special monthly compensation to Mr. Davis for other conditions than his prior grant of special monthly compensation? And I think, to Judge Hughes's point, about some of the confusion around special monthly compensation, that may be driving a bit of the disagreement between the parties here. As I understand Mr. Davis's argument, he seems to be conflating special monthly compensation as a single claim, that if you obtain special monthly compensation, that should be treated legally as one claim for benefits. And so if he discusses effective date related to the PTSD issue, that inevitably contemplates all the special monthly compensation issues that might be raised. And that would normally include an effective date if it's just one rating. Right. Because you got service connection for a certain disability, and then that's the first thing, and then the downstream issue is the rating. And in the regular context, the RO issues of rating, it would be from X date. That's right, Your Honor. So I think the distinction between the parties here that I want to draw out is that special monthly compensation is a category of benefits. It's not one single claim. It has a bunch of different ratings in it. It does. It has different levels of compensation. It has different threshold requirements. It has different factual predicates. And so the same way we would say disability compensation for a service connected disability is not one claim. It's a category of claims. And you might be able to show service connected disability for a whole host of bodily injuries or disabilities or conditions. In that same way, special monthly compensation is a category of benefits. Right? The veteran can show entitlement. I guess my question is once you show entitlement to one of these categories, doesn't the rate, the effective date, basically come automatically with it? I mean, it seems like you would have to determine for one of these categories that they've met this condition, and you would do so based upon evidence in the record. Is the problem, I think, that it's to get all the way to the top, or at least the bottom, or whichever way you're looking at it, is you have to base it on earlier ones. So it's a whole cascading thing of, well, entitlement to this SMC arose on this date, but the next one didn't come until this date, which changes the calculation date for the subsequent one. That's exactly right, Your Honor. And what we have here is we have entitlement granted for PTSD beginning in 2012. So I guess my question is, though, if the board, Tharo, had denied entitlement altogether on some of them and granted on some of them, and then the board reverses and said, no, you have entitlement, why can't it figure out when it says you have entitlement to, I'm just going to give you random examples, even if they don't apply to this specific case, SMC-11, and you also showed entitlement to SMC-O. I guess that's probably L-1, isn't it? No, never mind, we're not going to get into that. Why can't, if they say, well, you have entitlement to these specific ones, and they must know when the entitlement arose, the date, why can't they just say, which then automatically gives you entitlement to R-1 as of this date? Why weren't the board able to do that? We're not saying the board is prohibited from doing that. If there's a proper record and if there are actual decisions from the RO, developing that record and making decisions such that it is consistent with the board's jurisdiction. Okay, that's what I didn't appreciate from the briefing in this case, and maybe it wasn't so apparent. It seems that there's a distinction between Mr. Dohokwis' arguing the board has to do this, I think, based upon a jurisdictional statute. You agree the board probably can do this without the two decisions on the factual decisions that statute require at the veteran waives, but I think his argument is they have to do that. Why is that not correct in the government's view? I think the reason he's emphasizing the mandatory aspect is because of the way in which this was procedurally presented to the veterans court. Once Mr. Davis reached the veterans court, he had at that time both the grant of benefits for special monthly compensation and he had the effective date decision already issued by the time he reached the veterans court because it only took three months for the regional office to go back on remand, issue the effective date. Now he has in a separate set of appeals challenged that, and that's his right, and that's on appeal. But the effective date, when he appealed to the RO, or to the, sorry, the veterans court, there's so many different agencies, what he was appealing didn't contain that effective date decision. It only contained the entitlement. Right. And let me lay out, because I think this is also one of the main arguments we rely on, which is we had a joint remand instruction. We had the parties stipulate to the tasks for remand, and that had two elements to it. It said, first, we have a grant of special monthly compensation for PTSD-related disabilities. Mr. Davis thinks the effective date for that special monthly compensation under subsection L should be earlier. That's something we want the board to consider on remand. Separately, Mr. Davis contends that the record contains many other bases for other forms of special monthly compensation with other factual predicates, and the board needs to consider that issue as well. And so those were the two sets of issues that the parties agreed to. At no point did any party put in those stipulations for remand that there needs to be also an effective date evaluation for the second set of new special monthly compensation awards. Now, our point is that it's not prohibited. Right. And there's several, aren't there? It's not just the PTSD. There's the frostbite, but then there's something else, isn't there? The frostbite yielded disabilities to both his hands and feet, and those are separate sets of special monthly compensation. There's one dealing with hands. There's one dealing with feet. There were also separate possible claims for special monthly compensation that would relate to a higher level of aid and attendance, similar to something like a nursing care situation. And then there were other situations based upon simply the combination of disabilities in various formulations. Those are all different subsections of 1114 that would entitle a veteran. Where does this stand now? You said the RO issued a decision really quickly. Yes. And he's been awarded a certain rating with a certain effective date. He was given – he obtained in the board decision on appeal here. So there was the joint remand board decision in June 2022. That decision granted him special monthly compensation at the maximum financial level possible, unless he can demonstrate the need for something like nursing care, which he hasn't attempted to, and I don't think that's in dispute. So he's obtaining the maximum level of financial benefits. The dispute, then, is when should those benefits have begun? I believe, if I recall correctly, that the eventual RO decision in September 2022 gave him an effective date of September 2013 for those maximum level benefits. And what does he want? I believe he's still asking for something in the 08 or 09 timeframe. I'm not as familiar with the full record there. And that's on appeal to the board right now? So he's filed a notice of disagreement. That went to the board. The board issued a decision denying any earlier effective date. So he's currently receiving a maximum monthly benefit. Yes. What we're talking about now is a potential past benefit. A potential back benefit for a couple years predating 2013. And that's on appeal elsewhere? It's on appeal elsewhere. So there's no case of controversy here? There is nothing before this court on that issue, Your Honor. He got a decision in 2024 from the board on that. He filed a motion for reconsideration in 2025, and that motion for reconsideration with the board is still pending. But he is receiving the full benefits. He has his effective date. He may disagree with that effective date, but he received it fairly promptly in the scheme of things. So our fundamental point is, while the board may not have been prohibited from addressing effective date in the first instance, if the record permitted such a decision, the party stipulated to the terms of the remand. That stipulation did not include a request for effective date. Well, there is a disagreement on what it stipulated to. There is. And I think, as Your Honor noted, to the extent there's a disagreement, that's a factual question. And the Veterans Court construed the documents and made a finding of fact that, no, it did not include an effective date request for these other special monthly compensation issues. And I think from the government's perspective, it would be a challenge in the future to agree to joint remands if, having agreed on specific terms of a remand, the claimant then comes in and argues that, no, there was actually a requirement to deal with an issue not within the terms of the stipulated remand, such that it's a defect in the board decision that grants Veterans Court jurisdiction. So with that said, we will ask that the Court affirm the Veterans Court's dismissal for lack of jurisdiction. Thank you, counsel. Mr. Zohakis has two minutes. Thank you, Your Honor. I'll start with the appendix, page 95. At the very bottom of that, remand is warranted for the board to provide an adequate statement of reasons or bases as to whether entitlement to SMCL is warranted prior to 2012, based on the evidence above, to include whether the appeal dates back to August 2008. There is no dispute that the agreement of the parties ordered the board to discuss whether SMC was warranted to 2008. I also just want to clarify that the term effective date is not necessarily what Mr. Davis is looking for. His appeal was brought because he asked the Veterans Court to order the board to require the board to follow the JMR and address SMC to 2008. The frostbite issue was claimed in 2013 or 12, and the lumbar spine, there was three different disabilities, lumbar spine in 2008, PTSD in 2012, and the frostbite in 2013. 1114, I just want to highlight for the court that statute. I'll just start with the first one, 1114L. If the Veteran, as a result of service-connected disability, has suffered some different various impairments, monthly compensation shall be, and then each of the statute's subsections follows from that. It's the service-connected disability that is of some level of severity. The secretary misunderstands our argument to be that SMC is some category. It's not its own claim. It's simply a rating. We've said that from the very beginning, starting at the board, through the Veterans Court, and even in briefing here. SMC is a rating like any other. Well, I think all the secretary is arguing is that there can be separate SMC ratings for different disabilities. It's not a unitary rating aggregating all of the disabilities. And that's how we understand it, and that's how we argued it here. The 2008 claim had one or more disabilities that were attached to it that could be rated up to the maximum SMC rating. I actually think this whole argument is off point on the jurisdictional issue, because isn't it true that the Veterans Court determined that it lacked jurisdiction to evaluate, because there was no adverse decision? And we can't go back and reinterpret what the notice of remand said. That's a factual determination. That's what you're asking us to do, to go all the way back to the board level and determine what was included in the notice of disagreement that the board decided. How can we do that? Because it's undisputed, Your Honor, as I outlined. I guess Mr. Risser disagrees with me, so. I can tell you in his brief, page 11 of his brief. It's undisputed. It's application of law to undisputed facts that we don't have jurisdiction over. It doesn't turn into a legal question solely because it's undisputed. Well, it does, Your Honor. Bean said so. That's fine. I understand, Your Honor. So I would just bring the court back to Bean. This was essentially the same ruling. The Veterans Court said it didn't have jurisdiction. This court said it does, as in Bean, the court had jurisdiction, and we asked the court to reverse. Thank you, counsel. The case is submitted.